IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRVIN FOLLY : | JURY TRIAL DEMANDED |
| 6226 N WOODSTOCK STREET : | |
| PHILADELPHIA, PA. 19138 : | |
| : | |
| V. : | CIVIL ACTION |
| CITY OF PHILADELPHIA : | |
| C/O LAW DEPARTMENT : | |
| ONE PARKWAY : | |
| 1515 ARCH STREET, 15TH FLOOR : | |
| PHILADELPHIA, PA. 19102 : | |
| AND : | |
| POLICE OFFICER JOHN DOES #1-99 : | |
| C/O LAW DEPARTMENT : | |
| ONE PARKWAY : | |
| 1515 ARCH STREET, 15TH FLOOR : | |
| PHILADELPHIA, PA. 19102 : | |

**CIVIL ACTION COMPLAINT**

I. JURISDICTION AND VENUE

1. The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. 1331 and 1343.

2. Venue is proper under 28 U.S.C. 1391(b) because all of the causes of action upon which the complaint is based arose in City and County of Philadelphia, Commonwealth of Pennsylvania, which is in the Eastern District of Pennsylvania.

II. PARTIES

3. Plaintiff, Irvin Folly is an adult citizen of Pennsylvania, residing as captioned, and his birthday is September 8, 1978.

4. Defendant, City of Philadelphia, is a City of the first class, organized and existing pursuant to the laws of the Commonwealth of Pennsylvania with principal offices located as captioned.

5. Defendant, Police Officers John Does #1-99, were at all material times police officers in the City of Philadelphia Police Department, acting under the color of law and in the course and scope of their employment, and are being sued in both their official and individual capacities.

### III. OPERATIVE FACTS

6. On or about July 25, 2006, at approximately 9:00 p.m., the Plaintiff, Irvin Folly was playing in a recreational basketball league at a City of Philadelphia playground located at 33rd and Diamond Street when he heard shots fired at the playground.

7. Approximately 5-6 minutes after the shots were fired, Plaintiff Irvin Folly observed Philadelphia police cars arrive at the Playground and observed Philadelphia police officers punching, kicking and slamming young African-American males, who were present at the playground at the time of the shooting, into cars at the playground.

8. Upon observing this violent behavior by the City of Philadelphia police officers and being in fear of being assaulted by the police officers, Plaintiff Irvin Folly rode a bicycle from 33rd and Diamond Streets toward Ridge Avenue and Daughin Streets.

9. As Plaintiff Irvin Folly was riding toward Ridge Avenue and Dauphin Streests, he was being pursued by two Philadelphia patrol vehicles.

10. Plaintiff Irvin Folly stopped riding his bicycle upon the approach of the patrol vehicles and put his hands in the air at which time one of the police officers asked," What are you runnin' for bitch."

11. In reply, Irvin Folly told the police officer that he was "scared."

12. While following the commands of the police officer to show him his hands, the police officer punched Plaintiff Irvin Folly in the jaw causing him to fall to the ground at which time Plaintiff Irvin Folly was kicked in the ribs and hand-cuffed.

13. While hand-cuffed an on the ground, another police officer kicked Plaintiff Irvin Folly in the nose.

14. A police officer then picked Plaintiff Irvin Folly up from the ground by his shorts and slammed him face first into a patrol car.

15. Plaintiff Irvin Folly was transported by a patrol wagon to the police district where he was detained for 2 to 3 hours.

16. When the police determined that Plaintiff had no outstanding arrest warrants, Plaintiff was transported to the Saint Joseph's Hospital for medical treatment.

17. As a result of being repeatedly beaten in the face, head and body, the Plaintiff sustained the following injuries: fractured nose, multiple abrasions, bruised ribs, and contusions of the left shoulder.

18. Irvin Folly did not violate any criminal statutes of the Commonwealth of Pennsylvania on July 25, 2006, he was not charged with any crimes, and after being transported by police officers from the emergency room at St. Joseph's Hospital, he was told he was free to leave the hospital and was not being charged with any crime.

19. Defendants were aware that police officers in Philadelphia County, and specifically the above named police officers, engaged in unconstitutional conduct and they acquiesced in such unconstitutional conduct.

20. Defendants maintained a policy and/or custom of allowing Philadelphia police

officers, and specifically the above named police officers, to use unreasonable force against the citizens of Pennsylvania.

21. As the direct and proximate result of the City of Philadelphia Police Department and the City of Philadelphia's unconstitutional custom or policy, the Plaintiff's constitutional rights were violated and he was severely injured.

22. As the proximate result of using unreasonable force against the Plaintiff, Defendant Police Officers John Does #1-99, violated of his rights under the Fourth and Fourteenth Amendments of the United States Constitution.

23. As the proximate result of using unreasonable force against the Plaintiff, Defendant Police Officers John Does #1-99, caused the Plaintiff to suffer extreme physical harm, emotional harm and economic loss.

**COUNT I - 42 U.S.C. Sections 1983, AND 1988**
**UNREASONABLE FORCE**
**Irvin Folly v. Police Officers John Does John Does #1-99**

24. Paragraphs 1 through 23 are incorporated herein by reference, as though each were fully set forth herein at length.

25. As aforesaid, defendants, Police Officers John Does #1-99, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the City of Philadelphia Police Department; deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the United States; in particular, the right to be free from the excessive or unreasonable use of force by an officer; which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

26. As aforesaid, defendants, Police Officers John Does #1-99, acting within the course and scope of their employment, under the Color of State Law, and pursuant to the customs, policies and practices of the City of Philadelphia Police Department and City of Philadelphia, intentionally and maliciously assaulted and battered plaintiff, Irvin Folly, and placed him in fear of imminent bodily harm without just cause or provocation, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

27. As aforesaid, defendants, Police Officers John Does #1-99, acting within the course and scope of their employment, under the Color of State law, and pursuant to the customs, policies and practices of the City of Philadelphia Police Department and defendant, City of Philadelphia, intentionally and maliciously assaulted and battered, plaintiff, Irvin Folly and used their positions of authority, illegally and improperly to punish the plaintiff, by the above described actions, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

28. As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, Police Officers John Does #1-99, the plaintiff, Irvin Folly suffered injuries which are described above.

29. The above described actions of the defendants, Police Officers John Does #1-99, in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, and Section 1988, plaintiff, Irvin Folly, demands compensatory damages against defendants, Police Officers John Does #1-99,

jointly and/or severally, and punitive damages against defendants, Police Officers John Does #1-99, in their individual capacity, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

### COUNT II - 42 U.S.C. Section 1983 AND Section 1988 and FALSE ARREST AND FALSE IMPRISONMENT
### Irvin Folly VS. Police Officers John Does #1-99

30.     Paragraphs 1 through 29 are incorporated herein by reference, as though each were fully set forth herein at length.

31.     As aforesaid, Defendants Police Officers John Does #1-99, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the City of Philadelphia Police Department; deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the United States; in particular, the right to be free from false arrest and false imprisonment by an officer; which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

32.     As aforesaid, defendants, Police Officers John Does #1-99, acting within the course and scope of their employment, under the Color of State law, and pursuant to the customs, policies and practices of the defendant, City of Philadelphia, intentionally and maliciously arrested, imprisoned, detained, humiliated, and insulted, plaintiff, Irvin Folly, and used their position of authority, illegally and improperly to punish the plaintiff, by the above described actions, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

33.      Defendants Police Officers John Does #1-99 conduct in causing the Plaintiff to be falsely arrested and imprisoned on the aforementioned occasions was the proximate cause of

Plaintiff's damages, including, but not limited to, physical injury, emotional damage, and economic damage.

WHEREFORE, plaintiff, Irvin Folly, demands compensatory and punitive damages against defendants, Police Officers John Does #1-99, for violating his Fourth and Fourteenth Amendment right to be free from false arrest and false imprisonment in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

### COUNT III- FAILURE TO TRAIN AND SUPERVISE
### Irvin Folly V. City of Philadelphia

34. Paragraphs 1 through 33 are incorporated herein by reference, as though each were fully set forth herein at length.

35. The plaintiff, Irvin Folly, believes and therefore avers that City of Philadelphia has adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence of violating the constitutional rights of citizens, including, but not limited to, a policy of excessive or unreasonable force, falsely arresting, falsely imprisoning innocent people, which policy is in violation of the constitution and in violation of 42 U.S.C. Section 1983.

36. The plaintiff, Irvin Folly, believes and therefore avers that the defendant, City of Philadelphia has adopted and maintained for many years, a recognized and accepted policy, custom and practice of systematically failing to properly train, supervise and discipline police officers, including the individual defendants, regarding constitutional restraints on the police power to use reasonable force, to falsely arrest and falsely imprison individuals without probable cause and/or legal justification prosecute people which policy violates the Fourth, and Fourteenth Amendments of the Constitution of the United States.

37. The Defendants, City of Philadelphia has been deliberately indifferent to the rights of citizens of the City of Philadelphia to be free from unreasonable force, false arrests, and false imprisonment, which deliberate indifference violates the plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments of the Constitution of the United States.

38. The plaintiff, Irvin Folly, believes and therefore avers, that at the time of plaintiff's incidents, defendant, City of Philadelphia knew or should have known of the above described policy of the City of Philadelphia Police Department, and that they deliberately, knowingly, and/or intentionally failed to take measures to stop or limit the policy, including, inter alia, providing proper training, supervision, and control of the officers, agents, and/or employees of the City of Philadelphia Police Department.

39. The plaintiff, Irvin Folly, believes and therefore avers, that at the time of the incidents alleged in Plaintiff's Complaint, defendant, City of Philadelphia and Police Chief Sylvester Johnson, knew or should have known of the above described policy, custom and practice of the City of Philadelphia, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice including but not limited to, inter alia:

a. Failure to prevent unreasonable force, false arrest and false imprisonment upon persons by City of Philadelphia Police Officers;

b. Failure to have clear, concise, and appropriate police directives regarding arrests pursuant to vehicle chases and the standard for unreasonable force and probable cause for arrest and prosecution;

c. Failure to properly supervise and/or control its police officers and detectives;

d. Failure to have proper counseling, use of force re-training, sensitivity training,

psychiatric evaluations, or supervisory briefing/discussion with members of its police department with prior and ongoing complaints of excessive force, false arrests, false imprisonments and malicious prosecution;

    e. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigation resulting in appropriate and documented corrective actions at all levels of the Philadelphia Police Department;

    f. Failure to prevent plaintiff from being injured by its officers where defendants knew or had reason to know of the conduct of said police officers;

    g. Failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct as aforesaid;

    h. Failing to provide adequate guidance, including police directives, as to when it was inappropriate to arrest and prosecute persons and how to handle evidence in criminal prosecutions;

    I. Failure to prevent the Philadelphia Police Department from implementing a policy and practice of using sweeps and detention of young African-American males and subjecting those young African-American males to false arrest and use of excessive force during circumstances where there has been a response by the Philadelphia Police Department to a shooting;

    j. Otherwise acting without due regard for the rights, safety and position of the plaintiff herein, in accordance with the laws of the State of Pennsylvania; and

    k.. Otherwise violating the ordinances of City of Philadelphia; Directives of the Philadelphia Police Department and the Statutes of the State of Pennsylvania.

    40.    The plaintiff believes and therefore avers that the defendant, City of Philadelphia has a custom or policy or practice of failing to properly investigate matters in which police

officers use unreasonable force and falsely arrest and/or imprison individuals without probable cause, which allows for and results in an encouragement to officers within the police department to continue doing the same, and creates policies, practices, and/or procedures allowing police officers to proceed in this manner and creates an atmosphere for the allowance of false arrests and imprisonments by members of the City of Philadelphia Police Department without fear of punishment.

41.     The defendant, City of Philadelphia has been aware of the aforesaid described policies, customs and practices for a substantial period of time and despite knowledge of the illegal policies and practices as described above by the supervisory and policy making officers and officials, failed to take steps to terminate said practices; have not disciplined or otherwise properly supervised defendant police officers and detectives, who engaged in said practices; have not effectively trained police officers with regard to the proper constitutional and statutory limits in the exercise of their authority and instead sanctioned the policies and practices described to the deliberate indifference of the constitutional rights of the citizens of the City of Philadelphia.

42.     By failing to take action to stop or limit the policies and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policies, the aforementioned defendant condoned, acquiesced in, participated in, and perpetrated the policies in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

43.     As a direct and proximate result of the malicious, intentional and reckless actions of the defendant, City of Philadelphia, the plaintiff, Irvin Folly, suffered injuries which are described above.

WHEREFORE, pursuant to 42 U.S.C. Section 1983 and Section 1988, plaintiff, Irvin

Folly, demands compensatory damages against defendants, City of Philadelphia, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

**COUNT IV**
**42 U.S.C. 1983 AND 1988**
**CONSPIRACY**
**Irvin Folly VS. Police Officers John Does #1-99**

44.     Paragraphs 1 through 43 are incorporated herein by reference, as fully as though each were set forth herein at length.

45.     Defendants Police Officers John Does #1-99 entered into an agreement or meeting of the minds to have plaintiff illegally arrested and imprisoned.

46.     As a direct and proximate result of the agreement between the aforementioned defendants, Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments were violated and he suffered emotional harm and substantial economic loss.

WHEREFORE, plaintiff, Irvin Folly, demands compensatory and punitive damages against the Defendants Police Officers John Does #1-99, for the conspiracy to violate his constitutional rights in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus cost, interest, attorney's fees and delay damages.

**COUNT V**
**42 U.S.C. 1983 AND 1988**
**BYSTANDER LIABILITY**
**Irvin Folly VS. Police Officers John Does #1-99**

47.     Paragraphs 1 through 46 are incorporated herein by reference, as fully as though each were set forth herein at length.

48.     Defendants Police Officers John Does #1-99, were present when the Plaintiff's

constitutional rights were violated by using unreasonable force and falsely arresting and imprisoning him.

49. Defendants Police Officers John Does #1-99, knew or had reason to know that they did not have probable cause to arrest the Plaintiff and that the Plaintiff's constitutional rights were being violated due to the use of unreasonable force by the Defendants, and said Defendants had realistic opportunities to intervene and prevent the harm from occurring, but failed to do so.

50. Defendants Police Officers John Does #1-99, maliciously, intentionally, recklessly and with deliberate indifference, failed to intervene and halt the unconstitutional conduct of any and all of the above named Defendants, resulting in Plaintiff sustaining the injuries as set forth above.

WHEREFORE, plaintiff, Irvin Folly, demands compensatory and punitive damages against the Defendants Police Officers John Does #1-99, for the violation his constitutional rights based upon the theory of Bystander Liability, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus cost, interest, attorney's fees and delay damages.

RESPECTFULLY SUBMITTED,

Date: July 22, 2008      BY:_____
    Benson I. Goldberger, Esquire
    IDENTIFICATION NO.:  59442
1616 WALNUT STREET, STE. 2316
ATTORNEY FOR PLAINTIFF
PHILADELPHIA, PA. 19103
(215) 546-6033

Case 2:08-cv-03434-JF   Document 1   Filed 07/22/08   Page 13 of 13